# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 683 | **DATE** | 3/16/2004 |
| **CASE TITLE** | Batteast Construction Company vs. The Public Building Commission | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Batteast Construction's Motion for Partial Summary Judgment on Public Building's Counterclaim and Employers Insurance of Wausau's Motion for Summary Judgment on the Third Party Complaint are denied.

(11) ■ [For further detail see order attached to the original minute order.]

☑ Notices mailed by judge's staff.

Document Number 77

MAR 18 2004 date docketed

WAP courtroom deputy's initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BATTEAST CONSTRUCTION COMPANY, INC., | **FILED** |
| Plaintiff, | MAR 1 6 2004 |
| v. | DOCKETED  JUDGE HARRY D. LEINENWEBER |
| THE PUBLIC BUILDING COMMISSION OF CHICAGO, | MAR 1 8 2004  U.S. DISTRICT COURT JUDGE |
| Defendant. | Case No. 02 C 683 |
| THE PUBLIC BUILDING COMMISSION OF CHICAGO, | Hon. Harry D. Leinenweber |
| Counterplaintiff, | |
| v. | |
| BATTEAST CONSTRUCTION COMPANY, INC., | |
| Counterdefendant, | |
| and | |
| EMPLOYERS INSURANCE OF WAUSAU, | |
| Third Party Defendant. | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Batteast Construction Company's Motion for Partial Summary Judgment on PBC's Counterclaim and Employers Insurance of Wausau's Motion for Summary Judgment on the Third-Party Complaint (collectively, the "Motions"). For the following reasons, the Motions are denied.

77

## I. INTRODUCTION

These Motions arise out of a construction project gone awry. Batteast is a construction contractor that was awarded a lump-sum contract to build the Midwest Center for Green Technology Project (the "Project"). Employers provided the performance bond covering Batteast's work. The Public Building Commission of Chicago ("PBC") terminated Batteast's contract on May 30, 2001, before completion of the Project. (The parties differ sharply in the purported reasons for the termination of the contract, and such reasons are not pertinent to the present Motions.) Batteast claims that the termination was wrongful and seeks to recover amounts it claims were due pursuant to the contract. PBC, in turn, filed a counterclaim seeking recovery of the costs to complete the Project that were over and above the contract amount. (PBC also filed a third-party complaint against Employers that contains essentially equivalent allegations as its counterclaim, but seeks recovery from Employers as a surety.)

The Motions seek summary judgment on PBC's claim for costs over and above the initial contractual amount because PBC failed to obtain certification from the Project architect of these additional expenses.

## II. LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" if it could affect the outcome of the suit under the governing law; a dispute is "genuine" where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden is initially upon the movant to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In assessing the movant's claim, the court must view all the evidence and any reasonable inferences that may be drawn from that evidence in the light most favorable to the nonmovant. *Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations" contained in its pleading, but rather "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Becker v. Tenenbaum-Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III. **DISCUSSION**

Batteast claims that governing contract requires, among other things, that PBC obtain architect certification for any expenses incurred to complete the Project after Batteast's termination. Batteast contends that without this predicate act, PBC cannot prevail on its counterclaim as a matter of law. Specifically, Batteast points to testimony indicating that the Project architect was not involved in reviewing or approving the payment applications from the replacement contractor (or any of the subcontractors) after Batteast was terminated from the Project.

PBC responds in three ways. First, PBC contends that it is premature to require architect certification because the Project is still not complete, and thus final costs are unavailable. Second, PBC claims that "it is never too late to present an architect certificate in order to secure payment." Third, PBC argues that any absence of certification is excused by Batteast's own fraudulent conduct. Specifically, PBC claims that Batteast "willfully" submitted false schedules of values and statements that have "completed frustrated any attempt to comply with architect certification of excess completion costs."

Batteast replies by contending that it is not premature to require architect certification because the Project was substantially complete as of May 2002. Batteast further notes that PBC never raised this timing issue until the present motion.

Moreover, Batteast points to interrogatory responses to show that the last payment purportedly related to excess completion costs was in June 2002, more than 19 months ago. Thus, according to Batteast, the undisputed facts show that PBC had the ability to have the totality of excess costs certified well before the present Motions.

Batteast also argues that its accounting practices are irrelevant to PBC's counterclaim. Specifically, Batteast claims (in somewhat conclusory fashion) that the architect certification clause is "necessary in part because of the potentially infinite ways that PBC might decided to complete the work," and has "no connection" to the way that Batteast accounted for its pre termination work.

PBC appears to be raising a contractual defense akin to the doctrine of wrongful prevention, which generally holds that nonperformance may be excused where expected performance was prevented by the other party to a contract. *See, e.g., Barrows v. Maco, Inc.*, 94 Ill. App. 3d 959 (1st Dist. 1981). PBC advances the argument that Batteast's purported fraudulent concealment of certain subcontracts made it impossible to determine the "true plan, if any, Batteast had for completing the work within the adjusted contract price" and that therefore the "Architect cannot certify that work performed by subcontractors or substitute contracts is within the scope of work under Batteast's contract."

In essence, PBC's argument *appears* to be that Batteast so obfuscated the nature of work that it did (or did not do) that PBC's architect could not disentangle which costs were indeed excess costs for purposes of certification.

In support of this argument, PBC attaches affidavits from Kevin Gujural and Douglas Farr. The affidavits filed with the Court were not executed, and thus are a nullity for purposes of defeating summary judgment. PBC also submits a series of invoices that purportedly reflect undisclosed contracts in violation of the governing contract here. Although the evidentiary support offered here by PBC to defeat summary judgment here is a bare minimum, it nonetheless is sufficient to allow the issue to go to trial for at least two reasons. First, the plain terms of the contract do not specify precisely when the architect certification is required, and therefore it is possible that, as PBC contends, an architect certification could be still be timely at the present time. Summary judgment cannot dispose of contractual ambiguities. *See Metalex Corp. v. Uniden Corp. of America*, 863 F.2d 1331, 1333 (7th Cir. 1988). Second, PBC's defense requires a fact-intensive inquiry of Batteast's purported wrongful prevention of performance. This too is not an issue amenable to summary judgment.

On a final note, PBC embeds two separate procedural requests in its response brief to the Motions. First, PBC moves for "summary judgment barring all evidence of Batteast's damages claims

not certified by the project architect on the same grounds Batteast and Employers seek to bar PBC's damage claims." Second, PBC requests that the trial of its third party complaint and counterclaim be severed. Because PBC has not noticed these purported motions (nor has the Court set briefing schedules), the Court will not consider the merits of PBC's contentions here, as these issues are not properly before the Court.

### CONCLUSION

For the reasons set forth above, the Motions are **DENIED**.
**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: March 16, 2004